BUCKLEY *v.* CITY OF BLOOMFIELD HILLS.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RETROACTIVE ORDINANCE—LICENSES.

Whether or not city ordinance could be given retroactive effect and plaintiffs be required to secure a license under it in order to remove soil from land within the city were not questions for Supreme Court to decide, where defendant city claims it does not so contend on appeal.

2. SAME—QUESTIONS REVIEWABLE—STATEMENT OF QUESTIONS INVOLVED.

Questions not raised in plaintiffs-appellants' statement of questions involved are not considered by Supreme Court although discussed by defendant in its brief.

3. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—RESIDENTIAL USE —REMOVAL OF HILL—SAND AND GRAVEL BUSINESS.

The removal of soil and leveling of part of 15-acre tract of land which was zoned for residential use may not be barred by the zoning ordinance merely because many people like living in the hills, for no possible relationship to public health, safety, morals or general welfare can be conceived for a regulation under the police power that land zoned for residential purposes shall be kept hilly rather than made flat, although such operation may not be so protracted as to make it evident that the primary purpose was to conduct a dirt, sand and gravel business rather than prepare the land for residential use (City of Bloomfield Hills Ordinance No 64).

4. INJUNCTION—REMAND—MUNICIPAL CORPORATIONS—SOIL REMOVAL —TIME—EVIDENCE.

Decree dismissing bill to enjoin defendant municipal authorities from enforcing zoning ordinance in such a way as to prevent

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  3 Am Jur, Appeal and Error § 246.
[3]  58 Am Jur, Zoning § 30.
[4] · 3 Am Jur, Appeal and Error · § 1215.

removal of soil is reversed but cause is remanded to determine area from which soil is to be removed and reasonable time to complete the leveling and restraining defendants from interfering with the operation within the area and for the period so determined, subject to further review.

Appeal from Oakland; Doty (Frank L.), J. Submitted June. 8, 1955. (Docket No. 22, Calendar No. 46,312.) Decided October 3, 1955.

Bill by George P. Buckley and Floyd E. McDonald, copartners doing business as B & M Fill Sand & Top Soil Company, and Stella Phillips against the City of Bloomfield Hills, a municipal corporation, to restrain defendant from interfering with grading and soil removal under zoning and licensing ordinances. Bill dismissed. Plaintiffs appeal. Reversed and remanded.

*Sherman McDonald,* for plaintiffs.

*Howlett, Hartman & Beier* (*William B. Hartman,* of counsel), for defendant.

DETHMERS, J. Plaintiff Phillips owns 15 acres of hilly, undeveloped land in defendant city. By contract the other plaintiffs agreed with her to remove the hills and sufficient sand and dirt to lower the surface of the land to a level 2 feet above the adjacent road, leaving all top soil to be replaced thereon, and to pay her 15¢ per cubic yard for sand and dirt taken. Defendant's ordinance No 64 was in effect, zoning the property for residential use. When operations beg.an under the contract defendant directed plaintiffs to cease and 5 days later adopted ordinance No 68 to regulate and require a license or permit for soil removal. Plaintiffs brought this action to restrain defendant from interfering with their removal of soil from and leveling of the prem-

ises. From decree for defendant, dismissing plaintiffs' bill of complaint, they appeal.

First to be ascertained is the precise question to be determined. Plaintiffs insist that ordinance No 68 could not be given retroactive effect nor they have been required to secure a license under it. Defendant counters that it does not so contend and that those questions are, in consequence, not in the case. Defendant discusses the validity of its zoning ordinance No 64 and its power to zone and regulate the use of vacant as well as occupied lands. Plaintiffs' statement of questions involved makes no issue thereof, nor does it challenge the reasonableness or constitutionality of the ordinance in the respect that it zones the property "residential." Accordingly, we pass on none of those questions. Plaintiffs' statement of questions involved raises but one other question, the parties agree it is a question to be determined, and it alone do we decide, namely, whether the projected soil removing and leveling operation is violative of the provisions of ordinance No 64 zoning the property "residential."

Defendant says that plaintiffs are actually seeking to carry on a commercial activity, namely, a sand and gravel business, in a residential zone. If that were the primary object, purpose and effect of the operation, we agree with defendant that it would be in violation of the ordinance. On the other hand, plaintiffs' bill of complaint makes the allegation, supported by competent testimony, that the present contour of the property is such that the leveling of hills and removal of soil is necessary to make the land suitable for the construction of dwellings thereon. It is plaintiffs' position that the soil removal and leveling is prerequisite, incidental and conducive to the residential use for which it is zoned. Plaintiff Phillips insists only on the right to remove soil and level the land in order to prepare it for residential

use. Not in point are cases upholding the validity of ordinances prohibiting gravel pits in residential sections. Testimony for defendant that many people like living in the hills does not establish that plaintiff Phillips' desire and effort to have her property made flat for residential use is inconsistent with such use or violative of the zoning ordinance. No possible relationship to public health, safety, morals or the general welfare can be conceived for a regulation under the police power that land zoned for residential purposes shall be kept hilly rather than made flat. In the absence of testimony establishing the relationship an ordinance so requiring would necessarily be held unreasonable and invalid. We cannot assume such invalid intent on the part of the adopters of the ordinance nor is it specifically expressed in the language thereof. We conclude that plaintiffs' effort to prepare the land for residential purposes by leveling and removal of sand does not violate the ordinance.

We recognize that completion of the projected operation might be so protracted by plaintiffs as to make it evident that the primary purpose was not to prepare the land for residential use, but, rather, to carry on a dirt, sand and gravel business, with removal geared to demands in the market. Also, we note that the contract between plaintiffs provides for removal of soil from the entire property, to a point of 2 feet above street level, which, defendant says, might result in leaving a sheer bluff 24 to 26 feet high on its west boundary and 16 to 18 feet high on its north boundary. Whether this would be violative of ordinance No 68 need not be determined inasmuch as plaintiffs' bill of complaint alleges and their testimony is that they intend only the removal of a hill in the core of the property and nothing near or adjacent to its boundaries. Because there is no testimony in the record upon which an exact deter-

mination may be made with respect to the area from which the soil is to be removed nor the length of time that would constitute a reasonable one within which to complete the leveling, we reverse the decree, but remand the case for taking testimony and determination with respect thereto and the entering of a decree in conformity herewith restraining defendant from interfering with plaintiff's soil removal and leveling within the area and period of time so determined, such determination to be subject to further review here if either party considers himself aggrieved thereby.   Costs to plaintiff.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.